**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LUIS HERRERA, | : | |
| | : | |
| Plaintiff, | : | **Civil Action No. 12-3491 (SRC)** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CLIENT SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

      This matter comes before the Court on the motion by Defendant Client Services, Inc. ("Defendant" or "CSI") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket entry 3].  Plaintiff Luis Herrera ("Plaintiff" or "Herrera") has opposed the motion.  The Court opts to rule on the instant motion without oral argument, pursuant to Federal Rule of Civil Procedure 78.  It has considered the papers filed by the parties, and for the reasons discussed below, will dismiss the entire Complaint without prejudice.

## I.    BACKGROUND

      This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  Plaintiff Herrera is a resident of Hudson County, New Jersey.  According to the Complaint, Defendant CSI is a "debt collector" as that term is defined in the FDCPA.  The

Complaint alleges that on June 21, 2011 CSI called regarding a debt allegedly owed by Herrera to Citibank relating to Herrera's consumer purchases but failed to identify that the call was from a debt collector and regarded the collection of this debt.  The Court quotes the pertinent paragraphs of the Complaint:

> In an attempt to collect the debt, Defendant Client Services, Inc. called on or about June 21, 2011 at approximately 3:18 PM and provided reference number 13563732 and call back number 800-521-3236 ext. 58054.
>
> During this call, Client Services, Inc. failed to identify the call as being from a debt collector attempting to collect a debt.

(Compl., ¶¶ 8-9.)

The Complaint asserts that this conduct violated FDCPA § 1692e(11) and brings a claim for relief pursuant to FDCPA § 1692k.  Defendant has moved to dismiss the Complaint.

## II.   DISCUSSION

### A.   Legal Standard

The issue before the Court on a motion challenging the sufficiency of a complaint under Rule 12(b)(6) "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).   To make that determination, the Court must employ the standard of review articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal.  A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009) (quoting <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 570 (2007)).  The pleading standard

imposed by Federal Rule of Civil Procedure 8(a) will be met if the complaint "pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556.)  While the complaint need not

demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to

the mere *possibility* of unlawful conduct will not do.  <u>Iqbal</u>, 129 S.Ct. at 1949; <u>Twombly</u>, 550

U.S. at 557.  The Third Circuit, following <u>Twombly</u> and <u>Iqbal</u>, has held that Rule 8(a) "requires

not merely a short and plain statement, but instead mandates a statement 'showing that the

pleader is entitled to relief.'" <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008).

This showing must be made by the facts alleged.  <u>Id.</u>   In entertaining a Rule 12(b)(6) motion, the

Court is limited in its review to a few basic documents: the complaint, exhibits attached to the

complaint, matters of public record, and undisputedly authentic documents if the complainant's

claims are based upon those documents.  <u>See</u> <u>Pension Benefit Guar. Corp. v. White Consol.

Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

> **B.    Analysis**

Congress enacted the FDCPA "to eliminate abusive debt collection practices."  15 U.S.C.

§ 1692(e).  Persons aggrieved by a debt collector's violation of any one or more of the statutory

requirements may seek legal redress pursuant to the private cause of action created by the statute.

15 U.S.C. § 1692k.   The statute provides, in relevant part, that "[a] debt collector may not use

any false, deceptive, or misleading representation or means in connection with the collection of

any debt." 15 U.S.C. § 1692e. The Third Circuit has held that "lender-debtor communications

potentially giving rise to claims under the FDCPA . . . should be analyzed from the perspective of

3

the least sophisticated debtor." <u>Rosenau v. Unifund Corp.</u>, 539 F.3d 218, 221 (3d Cir. 2008) (quotation omitted).

The provision of the FDCPA governing communications by debt collectors sets forth an non-exclusive list of conduct that violates the proscription on using false or misleading representations in the collection of a debt.  15 U.S.C. § 1692e.  Among these is the violation Plaintiff alleges gives rise to this suit – failure by the debt collector to identify itself as such in its oral communication with the debtor.  The provision specifies that the following conduct will violate the FDCPA:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

The allegations made by the Complaint fall short of setting forth sufficient facts to state a plausible violation of this provision.  While Plaintiff avers that CSI failed to identify itself as a debt collector in the June 21, 2011 phone call, he fails to allege that the call was directed to the consumer, that is, to Plaintiff.  Indeed, it is not at all apparent from the Complaint that CSI directed the June 21, 2011 phone call or any other communication to Plaintiff.  The statute, however, makes it clear that disclosure of the fact that an oral or written communication is from a debt collector attempting to collect a debt is required in a communication "with the consumer." The Complaint fails to provide any basis upon which the Court could even draw the reasonable

inference that the allegedly offending call was placed to Plaintiff, as opposed to, for example, the office of Plaintiff's counsel, as CSI argues in its motion to dismiss.[1]

The Complaint before the Court simply lacks sufficient facts, as required by Rule 8(a), to state that CSI is liable for a violation of § 1692e(11).  Consistent with the Third Circuit's instruction, the Court will dismiss the claim without prejudice.  Phillips, 515 F.3d at 236 (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.").  The Court cannot, however, discern from the submissions before it on this motion to dismiss whether an amendment to the Complaint would cure the deficiencies indicated above.  For example, if Plaintiff alleges that the June 21, 2011 phone call was in fact placed to the office of Plaintiff's attorney, the Court would need Plaintiff to present legal authority supporting the viability of an FDCPA claim for a non-compliant communication by a debt collector to the consumer's attorney, as opposed to a communication directed to the consumer himself.  The Court will therefore not automatically grant Plaintiff leave to amend.  See Phillips, 515 F.3d at 236; see also Foman v. Davis, 371 U.S. 178 (1962) (holding that while leave to amend under Rule 15(a) should be freely given, it may be denied based on, among other reasons, the futility of the

---

[1] The Court notes that while CSI argues in its briefs that the Complaint fails to state a cause of action because the June 21, 2011 phone call was in fact placed to Plaintiff's counsel, and not to Plaintiff, this argument relies on matters extraneous to the Complaint and cannot be entertained by the Court on this Rule 12(b)(6) motion.  The Court, instead, can consider CSI's argument only to the extent that it points out that the Complaint fails to state a plausible FDCPA violation by failing to identify Plaintiff as the recipient of the phone call.

proposed amendment).  Plaintiff may instead file a motion for leave to amend the Complaint, which will give the parties the opportunity to brief the issue of whether the proposed amendment would be futile.

### III.    CONCLUSION

For the foregoing reasons, the Court will dismiss the entire Complaint without prejudice for failure to meet the pleading standard of Federal Rule of Civil Procedure 8(a).  Plaintiff will be given an opportunity to file a motion for leave to amend the Complaint, which must be properly supported by legal authority and include a copy of the proposed Amended Complaint. An appropriate form of Order will be filed.

   s/Stanley R. Chesler   
STANLEY R. CHESLER
United States District Judge

Dated: August 9, 2012